

**In the United States District Court**
**For the Southern District of Mississippi**
**Northern Division**

**United States of America**
**For and on Behalf of and for the**
**Use and Benefit of CMEC, LLC;**
**CMEC, LLC**

                                 **Plaintiffs**

**versus**                     Civil Action No. 3:14cv927 DPJ-FKB

**Harding Enterprises, LLC:**                               **Defendants**
**The Hanover Insurance Company;**
**Ruiz Contracting Solutions, LLC**

### Complaint
### (Jury Trial Demanded)

CMEC, LLC ("CMEC") and the United States of America, for and on behalf of and for the use and benefit of CMEC file this Complaint against Defendants Harding Enterprises, LLC ("Harding"), the Hanover Insurance Company ("Hanover"), and Ruiz Contracting Solutions, LLC ("Ruiz") as follows:

### Parties

1. Plaintiff CMEC, LLC is a Mississippi limited liability company with its principal place of business in Hickory, Mississippi.

2. Defendant Harding Enterprises, LLC is a Mississippi limited liability company with its principal place of business in Prentiss, Mississippi. Harding may be served with process by service upon its registered agent, Joshua A. Mars, at 110 Sheffield Loop, Hattiesburg, Mississippi 39402 or wherever it may be found.

3.  Defendant Hanover Insurance Company is a Massachusetts corporation authorized to do business and execute surety bonds in Mississippi.  Hanover may be served with process by service on its registered agent for service of process appointed by law, CT Corporation System of Mississippi, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, or upon the Mississippi Commissioner of Insurance, Mike Chaney, at 1001 Woolfolk State Office Building, 501 North West Street, Jackson, Mississippi 39201 or wherever it may be found.

4.  Defendant Ruiz Contracting Solutions, LLC is a Mississippi limited liability company with its principal place of business in Gulfport, Mississippi.  Ruiz may be served with process by service upon its registered agent, Gabriel Ruiz, at 6161 Red Creek Road, Long Beach, Mississippi 39560 or wherever it may be found.

## Jurisdiction and Venue

5.  This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the litigation arises under the Miller Act, 40 U.S.C. §§ 3131 - 3134.  The Miller Act grants federal courts exclusive jurisdiction over claims against surety bonds provided by a contractor, as principal, to the federal government, as obligee, for a federally-funded project such as the one at issue. Jurisdiction and venue are proper in this Court under the Miller Act, 40 U.S.C. § 3133(b)(3), which expressly provides:  "A civil action brought under this subsection must be brought – (A) in the name of the United States for the use of the person bringing the action; and (B) in the United States District Court for any district in

which the contract was to be performed and executed, regardless of the amount in controversy." CMEC provided materials to Ruiz for Harding's use on the Flood Control, Mississippi River and Tributaries project located near Eagle Lake, outside of Vicksburg, Mississippi. Harding's contract with the federal government was performed in this district, and jurisdiction and venue are proper in this Court.

6. Additionally, and because federal question jurisdiction is proper, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over CMEC's state law claims against Ruiz, which are related to CMEC's Miller Act claims against Harding and Hanover in that they derive from a common nucleus of operative facts and form part of the same controversy.

### General Factual Allegations

7. Harding entered into a prime contract (the "Prime Contract") with the United States of America, Department of the Army, for the performance of work in connection with the Mississippi River Flood Control Project outside of Vicksburg, Mississippi (the "Project").

8. On July 1, 2013, Hanover, as surety, and Harding, as principal, executed and delivered to the United States of America, as obligee, Payment Bond No. 1018579 (the "Payment Bond"). A true and correct copy of the Payment Bond is attached hereto as Exhibit 1 and incorporated herein by reference. The penal sum of the Payment Bond is $3,810,335.00 The Payment Bond binds both Harding and Hanover to the United States of America, as required by the Miller Act, 40 U.S.C. §

3131(b), "for the protection of all persons supplying labor and material in carrying out the work provided for in the [Prime] contract . . . ." The Payment Bond provides: "We, the Principal and Surety(ies), are firmly bound to the United States of America . . . in the above penal sum.  For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally." *See* Exhibit 1.

9.  Harding entered into a Subcontract with Ruiz, whereby Ruiz agreed to provide certain labor and materials for Harding's benefit on the Project.

10. In turn, Ruiz contracted with CMEC, whereby CMEC agreed to provide Ruiz with materials for Ruiz's use and for Harding's benefit on the Project and as necessary to complete the Harding's scope of work on the Project.

11. Despite CMEC's completion of its contractual obligations, and despite repeated demand for payment, Ruiz, Harding, and Hanover have refused to pay CMEC in full for the materials that CMEC provided to the Project.  To date, CMEC is owed the outstanding principal balance of $21,690.80, plus applicable interest, fees, and prompt payment penalties, as discussed below.  True and correct copies of CMEC's invoices that have already been submitted to Ruiz, Harding, and Hanover are attached hereto as Exhibit 2 and incorporated herein by reference.

12. As has been stipulated by Hanover, CMEC last furnished materials to the Project on December 1, 2013.

13. On December 27, 2013, Chris Weems of CMEC contacted Greg Harding, President of Harding Enterprises, by telephone and informed Mr. Harding that

Ruiz had failed to make full payment to CMEC.  Mr. Harding informed Mr. Weems that Harding would withhold payment from Ruiz on another project on which Ruiz was working for Harding and use that withholding to pay CMEC.

14. Later that same day, on December 27, 2013, Mr. Weems followed up with Mr. Harding by email and attached to that email the three invoices that are attached to this Complaint as Exhibit 2, showing the payments due by Ruiz to CMEC.  A true and correct copy of Mr. Weems' e-mail to Harding is attached as Exhibit 3.  Mr. Weems' email to Mr. Harding states: "Greg, Thanks for taking my call this morning.  As per our phone conversation, please let me know when payment can be made.  I have attached the 3 invoices.  Thank You." *See* Exhibit 3.

15. The invoices attached to Mr. Weems' email to Harding include the invoice number, the date of the invoice, the amount due under the invoice, and the name of the party for whom the labor and material was provided.  *See* Exhibit 2.  Those invoices state clearly and with substantial accuracy the amounts claimed by CMEC and the name of the party to whom CMEC supplied the labor and material.

16. On March 10, 2014, still having not been paid by Ruiz or Harding, CMEC sent a certified letter to Hanover, Harding, and Ruiz, enclosing a copy of the Bond and copies of the applicable invoices and demanding payment for the outstanding principal balance of $21,690.80.  *See* Exhibit 4.

17. On May 8, 2014, still having not been paid, Mr. Weems followed up with Mr. Harding by email stating, "Greg, as per our phone conversation, will you respond to this email with your intentions to withhold payment for CMEC, LLC from another

Ruiz job.  I am very concerned about this overdue amount.  The amount owed is $21,690.80." *See id.*

18. On May 9, 2014, Mr. Harding responded to Mr. Weems by email, stating as follows: "Good Morning Chris, as I stated in our phone conversation, I will make sure you get paid for the amount due from the Vicksburg project that Ruiz and you agree upon that is due.  I will withhold funds from this project and any other project that Ruiz completes in order to make sure you get paid for the Vicksburg project."

19. Despite timely notice of CMEC's claim and repeated demand for payment, Ruiz, Harding, and Hanover have failed to pay CMEC.

20. On August 18, 2014, counsel for CMEC sent Hanover a formal demand for payment in connection with this matter, explaining why notice was proper and why payment must be made pursuant to the Bond.  To date, Hanover has failed to respond to that formal demand letter.

21. To date, Ruiz, Harding, and Hanover have failed to make any payment to CMEC for the outstanding principal balance due.

22. In order to preserve its claim as timely, CMEC files this Complaint against Harding, Hanover, and Ruiz for full payment under its agreement with Ruiz and the Bond.

## Count I
## Breach of Contract Claim Against Ruiz

23. Paragraphs 1 through 22 are incorporated herein by this reference.

24. CMEC entered into an agreement with Ruiz whereby CMEC agreed to provide Ruiz with materials necessary to complete Ruiz' scope of work described in its contract with Harding.

25. CMEC provided Ruiz with the agreed-upon materials.  To date, however, Ruiz has failed to pay CMEC the principal amount of 21,690.80 that is due, as shown by the invoices attached as Exhibit 2.

26. CMEC has repeatedly attempted to contact Ruiz by telephone, email, and certified mail regarding the outstanding amounts due but to no avail.

27. Accordingly, Ruiz has breached its agreement with CMEC. Ruiz' breach has directly and proximately caused CMEC damages in the principal amount of not less than $21,690.80.

28. Ruiz has no legitimate defense to the allegations of this Complaint, and its failure to pay CMEC for funds that are due and owing is unreasonable and not in good faith.

29. Wherefore, CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, demand judgment against Defendant Ruiz as follows:

    A.   for the principal amount of not less than $21,690.80;

    B.   for applicable pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid;

    C.   for the reasonable attorneys' fees and costs incurred by CMEC to prosecute this action and collect amounts that are due and owing; and

D.   for such other and further relief as the Court deems just and proper.

## Count II
## Quantam Meruit / Unjust Enrichment Claim Against Ruiz and Harding

30. Paragraphs 1 through 29 are incorporated herein by this reference.

31. In the alternative to its breach of contract claim against Ruiz stated above, CMEC states the following quantum meruit / unjust enrichment claim against Ruiz and Harding.

32. CMEC supplied significant amounts of materials to Ruiz at Ruiz' direction for Ruiz' use on the Project and for Harding's benefit on the Project.  Ruiz and Harding accepted that material.

33. The cost of all materials that CMEC supplied to Ruiz and Harding, and for which CMEC has not been paid, totals $21,690.80.

34. Despite CMEC's repeated demands for payment, Ruiz and Harding have failed and refused to pay CMEC for the materials CMEC supplied for the Project.

35. Ruiz and Harding have received and retained the benefit of $21,690.80 worth of material that CMEC supplied for which it has not been paid.

36. As a direct result of Ruiz' and Harding's failure to pay CMEC for the materials supplied to and used by Ruiz and Harding, CMEC has been damaged.

37. It would be inequitable and unjust for Ruiz and Harding to retain the benefit of the materials supplied by CMEC without paying for such.

38. Wherefore, CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, demand judgment against Defendants Ruiz and Harding as follows:

     E.    for the principal amount of not less than $21,690.80;

     F.    for applicable pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid;

     G.    for the reasonable attorneys' fees and costs incurred by CMEC to prosecute this action and collect amounts that are due and owing; and

     H.    for such other and further relief as the Court deems just and proper.

### Count III
### Action on Payment Bond Against Hanover and Harding

39. Paragraphs 1 through 39 are incorporated herein by this reference.

40. On July 1, 2013, Hanover and Harding executed the Bond. *See* Exhibit 1. The Bond binds both Hanover and Harding to the United States of America, as required by the Miller Act, 40 U.S.C. § 3131(b), "for the protection of all persons supplying labor and material in carrying out the work provided for in the [Prime] contract . . . ."

41. As stated above, the last date on which CMEC provided material to the Project was December 1, 2013. CMEC gave notice to Harding of its claim on December 27, 2013.

42. More than 90 days have passed since CMEC last provided material to the Project, yet CMEC has not been paid in full. Accordingly, Hanover and Harding are

jointly and severally liable to CMEC under the Bond for the outstanding principal balance due CMEC.  *See* Exhibit 1.

43. CMEC has demanded payment from Hanover and Harding, pursuant to their obligations under the Bond, for the principal amount of not less than $21,690.80 for all materials furnished by CMEC to the Project.  Despite CMEC's notice of claim and demand for payment, Hanover and Harding have failed and refused to make payment of the outstanding principal balance due.

44. Accordingly, Hanover and Harding have defaulted under the Bond. Hanover's and Harding's breaches of their contractual obligations under the Bond have directly and proximately caused CMEC damages in the principal amount of not less than $21,690.80.

45. Hanover and Harding have no legitimate defense to the allegations of this Complaint, and their failure to pay CMEC for funds that are due and owing is unreasonable and not in good faith.

46. Wherefore, CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, demand judgment against Hanover and Harding as follows:

    I.    for the principal amount of not less than $21,690.80;

    J.    for applicable pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid;

    K.    for the reasonable attorneys' fees and costs incurred by CMEC to prosecute this action and collect amounts that are due and owing; and

L.    for such other and further relief as the Court deems just and proper.

# Count IV
# Bad Faith

47. Plaintiff re-alleges each of the foregoing paragraphs.

48. Defendants have knowingly and purposely delayed payment to CMEC, breaching their duty of good faith and fair dealing.

49. Defendants' wrongdoing has proximately caused damages to CMEC entitling it to the relief demanded below.

# Count V
# Attorneys' Fees, Interest, and Penalties Against All Defendants

50. Paragraphs 1 through 47 are incorporated herein by reference.

51. CMEC is entitled to recover its reasonable attorneys' fees and pre-judgment and post-judgment interest for having to bring this action to recover amounts due and owing under the Bond.  *See F. D. Rich v. U.S. ex rel. Industrial Lumber*, 417 U.S. 116 (1974) (an award of attorneys' fees is proper if a provision for such exists in the Subcontract or if surety acts in bad faith in failing to pay amounts due); *United States ex rel. Cal's A/C & Elec. v. Famous Constr. Corp.*, 220 F.3d 326 (5th Cir. 2000) (Miller Act does not preclude state causes of actions for attorneys' fees); Miss. Code Ann. § 31-5-57 (providing for attorneys' fees to subcontractor if surety's defense was not reasonable, not in good faith, or merely to delay payment); *see United States v. American Manufacturers Mut. Cas. Co.*, 901 F.2d 370 (4th Cir.

1990) (state law controls recovery of pre- and post-judgment interest as Miller Act is silent on those issues); *Faulkner Concrete Pipe Co. v. U.S. Fidelity & Guar. Co.*, 218 So. 2d 1 (Miss. 1968) (allowing recovery of legal rate of pre- and post-judgment interest against surety under payment bond from date debt becomes due until paid).

52. As to Ruiz, interest on the amount of $10,700.00, in connection with Invoice number 100713RM1, should accrue from November 7, 2013, the date that Ruiz's payment of that invoice became due.  Interest on the amount of $9,436.80, in connection with Invoice number 111813RM2, should accrue from December 18, 2013, the date that Ruiz' payment of that invoice became due.  And, interest on the amount of $1,554.00, in connection with Inovice number 122313RM3, should accrue from January 23, 2014, the date that Ruiz' payment of that invoice became due.

53. As to Harding and Hanover, interest on the full outstanding balance due CMEC of $21,690.80 should accrue from no later than December 27, 2013, the date of CMEC's notice of claim was given to Harding.

54. Further, CMEC is entitled to recover a prompt payment penalty for Defendants' failures to pay amounts due and owing.  31 U.S.C. § 3901 *et seq.* (Federal Prompt Payment Act); Federal Acquisition Regulation 52.232-27 (requiring prompt payment for construction contracts); MISS. CODE ANN. § 31-5-27 (allowing prompt payment penalty in connection with public construction contracts for up to 15% of outstanding balance due).

55. Wherefore, CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, are entitled to judgment against Ruiz, Harding,

and Hanover in an exact amount to be shown at trial for attorneys' fees, pre-judgment interest, post-judgment interest, and prompt payment penalties.

## Demand for Judgment

Wherefore, CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, pray for judgment from and against Ruiz, Harding, and Hanover as follows:

(1) That judgment be entered against Ruiz and in favor of CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, pursuant to Count I of this Complaint in the principal amount of not less than $21,690.80 together with pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid, and costs and attorneys' fees to the fullest extent allowed by law;

(2) That judgment be entered against Ruiz and Harding and in favor of CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, pursuant to Count II of this Complaint in the principal amount of not less than $21,690.80 together with pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid, and costs and attorneys' fees to the fullest extent allowed by law;

(3) That judgment be entered against Hanover and Harding and in favor of CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, pursuant to Count III of this Complaint in the

principal amount of not less than $21,690.80 together with pre- and post-judgment interest and prompt payment penalties from the date payment became due until paid, and costs and attorneys' fees to the fullest extent allowed by law;

(4)     That judgment be entered against Defendants Ruiz, Harding, and Hanover and in favor of CMEC and the United States of America, for and on behalf of and for the use and benefit of CMEC, pursuant to Count IV of this Complaint in an exact amount to be shown at trial for attorneys' fees, pre-judgment interest, post-judgment interest, and prompt payment penalties.

Respectfully submitted, this 2nd day of December, 2014.

United States of America for and on behalf of and for the Use and Benefit of, CMEC, LLC

By: Brandon C. Jones

Brandon C. Jones, MS Bar No. 101911
Robert C. Williamson, MS Bar No. 7286
Baria-Williamson, PLLC
4316 Old Canton Road, Suite 100A
Jackson, MS 39211
Ph: (601) 948-6005; F: (601) 948-0306
bjones@baria-williamson.com; rcw@baria-williamson.com

David Baria, MS Bar No. 8646
Baria-Williamson, PLLC
544 Main Street
Bay St. Louis, MS 39520
Ph: (228) 270-0001; F: (601) 948-0306
dbaria@baria-williamson.com